UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINESHA BIVENS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LINDA RUDOLPH (BIVENS),<br><br>　　　　　Defendant. | No. 1:21-cv-1152 DAD-SAB<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 1) |

　　　　On July 30, 2021, plaintiff, proceeding *pro se,* filed a complaint initiating this action, as well as an application to proceed *in forma pauperis* and a motion for a temporary restraining order. (Doc. Nos. 1, 2, 4.) The court has reviewed plaintiff's complaint in conjunction with its review of her motion for a temporary restraining order. Plaintiff asserts that this court has subject matter jurisdiction over her claims based on a federal question; however, in support of this assertion she cites only 28 U.S.C. § 1367.[1] (Doc. No. 1-1.)

　　　　Plaintiff's subject matter jurisdiction allegations in her complaint are facially deficient because plaintiff's complaint appears to assert only state law claims based on defendant's alleged

---

[1] Title 29 § 1367 provides for supplemental jurisdiction over state law claims where claims under federal law are also alleged, and this court cannot exercise supplemental jurisdiction over plaintiff's state law claims if plaintiff fails to first state a cognizable claim for relief under federal law.

1

decision to prevent plaintiff from visiting her father, who is said to be surviving precariously on continued artificial revivification methods at Kaweah Delta Medical Center in Visalia, California.² (*See id.*; Doc. No. 1 at 4.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted). "Federal subject matter jurisdiction based on the presence of a federal question is governed by 28 U.S.C. § 1331 and requires a civil action to arise under the constitution, laws, or treaties of the United States." *Ioane v. Merlak*, No. 1:19-cv-01585-DAD-GSA, 2021 WL 915214, at *2 (E.D. Cal. Mar. 10, 2021) (citing *Ascarie v. Gavilan Coll.*, No. 16-cv-02493-BLF, 2017 WL 1436219, at *2 (N.D. Cal. Apr. 24, 2017).)

Due to the apparent deficiencies in plaintiff's jurisdictional allegations, plaintiff is ordered to show cause within seven (7) days of the date of service of this order as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff may discharge this order to show cause by identifying a statutory basis for this court's exercise of jurisdiction and identifying the factual allegations in the complaint that support federal court jurisdiction. Depending on the amount of damages sought, this court may have diversity jurisdiction under 28 U.S.C. § 1332, but plaintiff does not assert that as the basis for jurisdiction over this action and it is unclear whether diversity jurisdiction over this action could be applicable based upon the allegations of plaintiff's

---

² The court further notes that plaintiff does not appear to allege a cognizable cause of action even under California law. The civil cover sheet in this action lists her claims as brought pursuant to California Welfare and Institutions Code §§ 15600–15766, however, those provisions of California law pertain to the abuse of the elderly or dependent adults and on their face to not appear to applicable to plaintiffs' allegations set forth in her complaint.

complaint. Federal courts have jurisdiction on the basis of diversity of citizenship, under 28 U.S.C. § 1332, if the matter is between citizens of different states or nations and the amount in controversy exceeds $75,000. Plaintiff is therefore directed to file a document with this court stating: (1) whether she brings a claim arising from the constitution, any laws, or treaties of the United States and to identify the specific federal basis for her claims; (2) whether she is alleging total diversity of citizenship; and (3) if so, to identify the amount in controversy of her claims. In the event plaintiff is unable to allege federal subject matter jurisdiction or fails to respond, plaintiff is advised that her complaint will be dismissed.

The court appreciates that for plaintiff time may be of the essence in this matter, but also wishes to make explicitly clear to plaintiff that federal courts are not permitted to hear all cases brought before them. To the extent plaintiff realizes that she is unable to allege a basis for federal jurisdiction, she is encouraged to seek relief with respect to any claims she may have under state law in the in another court, such as the Tulare County Superior Court.

Accordingly,

1. Plaintiff is ordered to show cause within seven (7) days of the date of service of this order as to why her case should not be dismissed for lack of subject matter jurisdiction by filing a document with this court stating: (a) whether she brings a claim arising from the constitution, any laws, or treaties of the United States and to identify the specific federal basis in her response; (b) whether she is alleging total diversity of citizenship; and (c) if so, to identify the amount in controversy of her claims; and

2. The Clerk of the Court is directed to serve a copy of the order on plaintiff at her address of record.

IT IS SO ORDERED.

Dated:   **July 31, 2021**

                                        UNITED STATES DISTRICT JUDGE